IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 5:11cr3/MW/EMT
                 5:19cv16/MW/EMT

YAMURA D. HUDSON

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Yamura Hudson's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 148).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant Yamura Hudson was sentenced to a total term of 420-months imprisonment after pleading guilty to drug and weapons offenses (ECF Nos. 65, 78;

ECF No. 92 at 15).   He appealed, and the Eleventh Circuit affirmed Defendant's conviction in April of 2013 (ECF No. 112).

Defendant, through counsel, filed his first motion to vacate in August of 2014 (ECF No. 119).   The district court adopted the recommendation of the undersigned and denied the motion in April of 2017 (ECF Nos. 128–130.)   Defendant's appeal was dismissed, and although the court granted his motion to reinstate the appeal, a certificate of appealability was denied (*see* ECF Nos. 142–147).

The instant § 2255 motion was received the clerk on January 14, 2019.   The motion was not filed by an attorney, and it is neither properly signed nor dated, so it is not clear whether Defendant himself actually filed the motion.   In any event, the court will not require Defendant to correct these deficiencies because the court does not have jurisdiction to entertain the motion.

Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.   28 U.S.C. §2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 F. App'x 409 (11th Cir. 2010).   Defendant's successive motion falls within the larger subset

of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. The record does not reflect that Defendant has obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Furthermore, Defendant cannot show "that jurists of reason" would find debatable either this conclusion or the correctness of the court's procedural ruling. *Slack*, 529 U.S. at

484. Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (ECF No. 148) be summarily **DENIED and DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 11th day of February 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 5:11cr3/MW/EMT; 5:19cv16/MW/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:11cr3/MW/EMT; 5:19cv16/MW/EMT